

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-81,718-01

### EX PARTE DAVID LEN MOULTON, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 2008F00339-A IN THE 5TH DISTRICT COURT
### FROM CASS COUNTY

*Per curiam*.

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of murder and sentenced to sixty years' imprisonment. The Sixth Court of Appeals reversed the judgment of conviction. *Moulton v. State*, 360 S.W.3d 540 (Tex. App.—Texarkana 2011). We reversed the judgment of the court of appeals. *Moulton v. State*, 395 S.W.3d 804 (Tex. Crim. App. 2013).

Applicant now contends, among other things, that trial counsel failed to object on Confrontation Clause grounds when affidavits the medical examiner relied on were read to the jury, request a limiting instruction after the affidavits were read to the jury, and request a continuance after

the State disclosed the affidavits during trial.

On December 17, 2014, we remanded this application for a response from trial counsel and further findings of fact and conclusions of law from the trial court. On remand, counsel responded in a sworn affidavit, and the trial court made further findings and conclusions and recommended that we dismiss or deny this application. We believe that the record is not adequate to resolve Applicant's claims.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond and state what specific knowledge or information, if any, formed the basis for his belief that if he objected on Confrontation Clause grounds, witnesses would be available to testify at his trial. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

Applicant appears to be represented by counsel. If he is not and the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent him at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

After reviewing counsel's response, the trial court shall determine what specific witnesses, if any, were available to testify and would have testified at trial, had counsel objected on Confrontation Clause grounds. The trial court shall then determine whether counsel's conduct was deficient and Applicant was prejudiced. The trial court shall also make any other findings of fact

and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claims for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: June 22, 2016
Do not publish